# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MARYLAND
### BALTIMORE DIVISION

| | |
|---|---|
| **SHEIRA BROWN,** § | |
| *Plaintiff*, § | |
| § | |
| v. § | Case No. _____ |
| § | |
| **HARFORD BANK,** § | |
| *Defendant.* § | |

**HILLIARD MARTINEZ GONZALES LLP**
Robert C. Hilliard (Pro Hac to be filed)
Texas State Bar No. 09677700
bob@hmglawfirm.com
719 S. Shoreline Boulevard
Corpus Christi, Texas 78401
T: (361) 882-1612
F: (361) 882-3015

**BEN CRUMP LAW, PLLC**
Ben Crump (Pro Hac to be filed)
Florida State Bar No. 72583
court@bencrump.com
122 S. Calhoun Street
Tallahassee, Florida 32301
T: (850) 224-2020

**COLLINS LEGAL GROUP, LLC**
Tiffani Collins, Esq.
Maryland State Bar No.: 0812180179
Federal Bar No. 29274
20 S. Charles Street, Suite 901
Baltimore, Maryland 21201
T: (410) 462-4529
F: (410) 995-7200

*COUNSEL FOR PLAINTIFF*

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

*"The arc of the moral universe is long. But it bends towards justice."*

**~ Martin Luther King, Jr.**

*"Real change, enduring change, happens one step at a time."*

**~ Ruth Bader Ginsburg**

NOW COMES Plaintiff, Sheira Brown, by and through her counsel of record, and for the reasons stated below, files the instant lawsuit against Defendant Harford Bank for Defendant's egregious and racially-charged conduct, and in support thereof, respectfully shows this Court as follows:

## NATURE OF THE ACTION

1. This action is brought by Plaintiff Sheira Brown against Defendant Harford Bank to restore justice and provide appropriate relief to Plaintiff for the egregious and unlawful racial discrimination she encountered at Defendant Harford Bank on March 20, 2020.

2. On the day in question, Plaintiff drove through Defendant Harford Bank's drive-thru lanes to cash a check in the amount of ($90.94) ninety dollars and ninety-four cents. As Plaintiff attempted to cash the check (a *valid check* that was *lawfully* in Plaintiff's possession), Defendant Harford Bank immediately instigated a hostile consumer transaction with Plaintiff by doubting Plaintiff's motives in wanting to cash the check, questioning the check's authenticity, interrogating Plaintiff about where it came from, falsely accusing Plaintiff of cashing a fraudulent check, and ultimately, refusing to cash Plaintiff's paycheck (or even return it to her), all of which were actions by Defendant Harford Bank that were fueled by its unlawful racial animus towards Plaintiff.

3. In improperly refusing to cash Plaintiff's paycheck based on Plaintiff's race and the color of her skin, Defendant Harford Bank unlawfully denied and deprived Plaintiff from the same equal banking, credit, and/or commercial opportunities as Plaintiff's white counterparts, and acted with conscious indifference towards the value of human life.

## JURISDICTION AND PARTIES

4. This is an action by Plaintiff Sheira Brown against Defendant Harford Bank for its racial discrimination, violations of the U.S. Constitution, and unlawful banking practices that contravene the Civil Rights Act of 1866, 42 U.S.C. § 1981 (as amended), as well as various other laws and regulations.

5. Plaintiff Sheira Brown is resident of the State of Maryland.

6. Defendant Harford Bank is a Maryland corporation doing business in this district, and may be served by its registered agent: **Charles H. Jacobs, Jr., 8 West Bel Air Avenue, Aberdeen, Maryland 21001**.

7. This court has federal subject matter jurisdiction pursuant to 28 U.S.C § 1331.

8. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) in that all or some events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## BACKGROUND FACTS

9. Plaintiff repeats and realleges the allegations set forth in the foregoing Paragraphs.

10. Plaintiff Sheira Brown is a black woman, resident of Maryland, and mother of two daughters: Saige (7-years old on the date of the incident) and Emerie (10-months old on the date of the incident).

11. Defendant Harford Bank is a Maryland banking institution and a member of the FDIC, which promises equitable treatment of creditors. Within the past few years, Defendant

Harford Bank has claimed over $365 million in assets, and currently has more than 80 employees and eight branches.[1]

12. Through its social media presence, Defendant Harford Bank promotes itself as a fair and equitable financial institution, and proudly claims that "community" is its strength on the Harford Bank website:



13. Instead of making "community"[2] its strength, Defendant Harford Bank promotes racism in its institutions, fosters a culture of racial-profiling, and engages in unlawful race-based discrimination towards innocent visitors, and/or potential banking customers.

14. Defendant Harford Bank's racially-charged and unlawful banking practices are in direct contravention to Maryland's commitment to "take affirmative steps to ensure robust investment in, and fair treatment of, communities which have traditionally been poorly served by the banking industry."[3]

---

[1] *See* https://i95business.com/articles/content/succession-follows-success-at-harford-bank-890, last visited January 11, 2021.
[2] *See* 12 U.S.C. § 2903 (requiring financial institutions to meet the credit needs of its entire "community").
[3] *See* Comment from State Attorneys General Regarding Reforming the Community Reinvestment Act Regulatory Framework (Docket No: OCC-2018-0008-0001), available at: https://oag.ca.gov/system/files/attachments/press-docs/cra-anpr-comment-letter-final-states-11.19.2018-4.30pm.pdf, last visited January 11, 2021.

15. On March 20, 2020—at the height of a novel and global pandemic—Plaintiff Sheira Brown drove over 30-minutes away from her home with her 10-month old baby to cash a paycheck she received from her employer.

16. Specifically, Plaintiff Sheira Brown drove to the Harford Bank located at **501 Riviera Drive, Joppa, Maryland 21085**.



17. The paycheck was a *valid* check, in the amount of ($90.94) ninety dollars and ninety-four cents, and Plaintiff was in lawful possession of it at the time of the underlying incident.



18. Plaintiff traveled over 30-minutes out of her way to cash the check at this specific location—the Harford Bank located at 501 Riviera Drive, Joppa, Maryland 21085—because said

location was her employer's bank, and Plaintiff sought to cash the paycheck as quickly as possible, in order to purchase milk for Plaintiff's baby (who was with Plaintiff during this incident).

19. When Plaintiff pulled into the Harford Bank's drive-thru lane to cash her check, the bank teller who is employed by Harford Bank to assist Plaintiff Brown (teller "Gail") immediately instigated a hostile consumer transaction instead by aggressively asking Plaintiff Sheria Brown where Sheira's check was from; Plaintiff responded that the paycheck was hers and she received it from her employer, who was also a customer of Defendant's bank.

20. Gail, who was at all relevant times an employee of Defendant Harford Bank, told Plaintiff that the color of her paycheck was "off," in addition to telling her that "this [is not] you, [you are] committing fraud, and [you are] going to jail," then took the check and locked it in the bank's vault, accused Plaintiff of cashing a fraudulent check, and called the police.

21. When local authorities arrived, they verified that Plaintiff's check was *not* fraudulent and demanded the teller give the paycheck back to Plaintiff.

22. Defendant Harford Bank's teller, Gail, refused, claiming that she was unable to return Plaintiff's paycheck because the bank's vault was locked.

23. Defendant Harford Bank's regional manager was contacted by police, but the vault could not be opened.

24. Plaintiff was forced to return to Defendant Harford Bank the next day to retrieve her check, which resulted in unnecessary inconvenience and expense to Plaintiff Sheira Brown; again, Plaintiff Sheira Brown made the same 30-to-45-minute drive from her home to the Harford Bank location at issue, to collect the paycheck that Defendant Harford Bank's employee, Gail, had unlawfully confiscated from Plaintiff with zero rights to exercise dominion or control over Plaintiff Sheira Brown's paycheck.

25. Because Plaintiff was unable to cash her paycheck anywhere else that day (because Gail refused to return it or intentionally kept it locked in Harford Bank's vault), and had only the check and Plaintiff's photo ID on her when she left her home (30-minutes away), Plaintiff was escorted to a nearby store by the local police who responded to the incident, in order for Plaintiff to purchase milk for her young baby.[4]

26. Plaintiff was a potential or existing customer who was racially discriminated against by Defendant Harford Bank and unfairly disregarded as compared to Defendant's white customers, who receive high-quality customer service, fair consumer transactions, and are treated with basic dignity and respect.

27. The blatantly racist practices of Defendant Harford Bank, wherein Defendant's agents, employees, and/or representatives deliberately denied Plaintiff a fair and race-neutral commercial banking transaction—solely on the basis of race—is nothing short of despicable.

28. Over time, Defendant established two processes for handling, treating, encountering, and dealing with its customers on a day-to-day basis: one for white customers and a separate, but not equal, process for its customers of color. The two are distinctly unequal. By relegating its customers of color to a separate, but unequal, process, Defendant Harford Bank affords them inferior opportunities, and treats people of color as inferior. This is the epitome of racial discrimination.

29. For these reasons, customers of color are being denied the same opportunities as Defendant's white customers, to apply for loans, lower their mortgages, be treated with dignity, and enrich their financial roots within a trusted banking system that will support them and respect

---

[4] A significant portion of the events were captured on camera and are posted on social media (most of which went viral), stringing countless hashtags, such as: #discrimination #harfordcounty #harfordbank, among others.

the fiduciary duty to place the customers' interests above Defendant's own. Defendant Harford Bank intentionally treats the two processes differently, merely on account of race.

30. The open atmosphere of hostility towards people of color established by Defendant created an environment permeated with discriminatory intimidation, ridicule, and insult that was so severe and pervasive that it altered the conditions of Plaintiff's personal life.

31. Defendant made no secret of its hostility and distain towards Plaintiff, based solely on her race, causing Plaintiff mental anguish and pain, humiliation, embarrassment, outrage, and significant interference with her ability to enjoy the same quality of life and equal treatment under the law as her white counterparts.

32. The core issues involved in Plaintiff's case are the following:

   a. Whether Defendant's conduct constitutes a violation of 42 U.S.C. § 1981;

   b. Whether Defendant's conduct constitutes a violation of 15 U.S.C. § 1691;

   c. Whether Defendant's conduct constitutes a violation of the equal protection clause of the U.S. Constitution;

   d. Whether Plaintiff is entitled to compensatory and/or actual damages, punitive damages, attorneys' fees and costs of suit; and

   e. Whether the Plaintiff is entitled to any such further relief as the Court deems appropriate.

33. Damages will be adduced at trial through expert testimony and other competent evidence.

34. On information and belief, based upon all available information, Plaintiff alleges that the total amount in controversy exclusive of fees, costs, and interest, exceeds $5 million.

## COUNT I
### Racial Discrimination in Violation of 42 U.S.C. § 1981

35. Plaintiff repeats and realleges the allegations set forth in the foregoing Paragraphs.

36. Title 42, Chapter 21 of the U.S. Code prohibits discrimination against persons based on age, disability, gender, race, national origin, and religion (among other things) in a number of settings, including education employment, public accommodations, and federal services. Codified in Chapter 21 are several federal acts that protect Plaintiff, including the Civil Rights Act of 1866 and Civil Rights Act of 1964.

37. Defendant Harford Bank's discrimination against Plaintiff as described above is in violation of Plaintiff's rights afforded to her under the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991.

38. Plaintiff is a member of a protected class, in that she is African American and cannot be discriminated against on the basis of her race.

39. By the conduct described above, Defendant intentionally deprived Plaintiff of the same rights as are enjoyed by white citizens to the creation, performance, enjoyment, and all benefits and privileges of their banking relationship with Defendant, in violation of 42 U.S.C. § 1981.

40. The actions of Defendant, by its agents, employees and representatives, were willful, intentional, in deliberate disregard of, and with reckless indifference to the rights and sensibilities of Plaintiff.

41. As a direct and proximate result of those actions, the terms, conditions, and privileges of Plaintiff were adversely affected, Plaintiff was unlawfully harassed disrespected solely because of the color of her skin.

42. As a direct and proximate result of Defendant's wrongful acts, Plaintiff sustained injuries and damages including, but not limited to, loss of earnings and earning capacity, loss of career opportunities, outrage and humiliation, mental anguish, anxiety about their future, physical

and emotional distress, loss of professional reputation, and loss of the ordinary pleasures of everyday life.

## COUNT II
### Violations of 15 U.S.C. § 1691

43. Plaintiff repeats and realleges the allegations set forth in the foregoing Paragraphs.

44. The Equal Credit Opportunity Act, 15 U.S.C. §§ 1691-1691f ("ECOA") prohibits any creditor from discriminating against an applicant—with respect to *any* aspect of a credit transaction—on the basis of certain characteristics, including race, color, religion, national origin, sex or marital status, or age.

45. In denying Plaintiff the ability to cash a check in the amount of ($90.94) ninety dollars and ninety-four cents—without explanation—or in failing to provide Plaintiff with any reason or notice of the denial with an accurate statement of the reasons for the denial, Defendant has violated the ECOA, 15 U.S.C. § 1691.

46. Defendant's unlawful racial discrimination against Plaintiff, as described above, is in violation of Plaintiff's rights afforded to her under the Equal Credit Opportunity Act.

47. Plaintiff is a member of a protected class, in that she is an African American and cannot be discriminated against on the basis of her race.

48. By the conduct described above, Defendant intentionally deprived Plaintiff of the same rights as those enjoyed by white citizens to the creation, performance, enjoyment, and all benefits and privileges of their banking relationship with Defendant, in violation of 15 U.S.C. §§ 1691-1691f.

49. The actions of Defendant, by its agents, employees and representatives, were willful, intentional, in deliberate disregard of, and with reckless indifference to the rights and sensibilities of Plaintiff.

50. As a direct and proximate result of those actions, the terms, conditions, and privileges of Plaintiff was adversely affected, Plaintiff was unlawfully harassed and disrespected solely because of the color of their skin.

51. As a direct and proximate result of Defendant's wrongful acts, Plaintiff sustained injuries and damages including, but not limited to, loss of earnings and earning capacity, loss of career opportunities, outrage and humiliation, mental anguish, anxiety about their future, physical and emotional distress, loss of professional reputation, and loss of the ordinary pleasures of everyday life.

## RELIEF REQUESTED

52. For the foregoing reasons, Plaintiff demands judgment and legal relief against Defendant as follows:

   a. Compensatory, economic, and noneconomic damages in whatever amount Plaintiff is found to be entitled;

   b. Exemplary damages, based on oppression and malice, according to Defendant's net worth;

   c. An award of interest, costs, attorney's fees, and expert witness fees; and

   d. For such other and further relief as the court deems just and proper.

## JURY DEMAND

53. Plaintiff hereby demands a trial by jury of all the issues in this cause.

Respectfully Submitted,

Date:   January 12, 2021						By: */s/ Tiffani Collins*
**COLLINS LEGAL GROUP, LLC**
Tiffani Collins
Maryland State Bar No.: 0812180179
Federal Bar No. 29274
20 S. Charles Street, Suite 901
Baltimore, Maryland 21201
T: (410) 462-4529
F: (410) 995-7200

**HILLIARD MARTINEZ GONZALES LLP**
Robert C. Hilliard *(Pro Hac to be filed)*
State Bar No.09677700
bob@hmglawfirm.com
719 S. Shoreline Boulevard
Corpus Christi, Texas 78401
T: (361) 882-1612
F: (361) 882-3015

**BEN CRUMP LAW, PLLC**
Ben Crump *(Pro Hac to be filed)*
Florida State Bar No. 72583
court@bencrump.com
122 S. Calhoun Street
Tallahassee, Florida 32301
T: (850) 224-2020

**COUNSEL FOR PLAINTIFF**