

# Thomas&Libowitz, P.A.

A Professional Association founded in 1975

STEVEN ANARGYROS THOMAS+*
ROBERT A. SNYDER, JR.
JOHN R. WISE
C. WAYNE DAVIS
CHARLES B. JONES
SCOTT H. MARDER^

**MEMBERS**
MARGARET L. ARGENT+
C.J. PERSSON

ANASTASIA THOMAS NARDANGELI

ASSOCIATES
SIMA G. FRIED=
CLINTON R. BLACK, V~
JESSICA A. DENKEVITZ
MEGAN E. EASTER
JENNIFER CIARROCCHI

**COUNSEL**
CLINTON R. BLACK, IV
DAVID M. SHEEHAN
FRANCIS R. LAWS ○

25 S. Charles Street, Suite 2015 • Baltimore, MD 21201
Phone: 410-752-2468 • Fax: 410-752-2046
_____

www.tandllaw.com

**SCOTT H. MARDER**
**SHMARDER@TANDLLAW.COM**

*Serving the Community for over 40 Years*

Also Member of DC Bar +
Also Member of VA Bar *
Also Member of NY Bar =
Also Member of CT Bar ~
Also Member of MA Bar ○
Also Member of FL Bar ^

November 15, 2022

Hon. Julie R. Rubin
United States District Judge
District of Maryland
101 W. Lombard Street
Baltimore, MD 21201

> **RE:** ***Sheira Brown v. Harford Bank***
> **Case No. 21-cv-00096-JRR**

Dear Judge Ruben:

I represent Harford Bank, the defendant in this case. I am writing to the Court requesting the Court's guidance on a discovery issue.

Defendant requested that Plaintiff agree to the standard confidentiality stipulation and order found in Appendix D to the Local Rules for the United States District Court for the District of Maryland. Plaintiff requested changes to four of the provisions in the document. Defendant agreed to some of these changes but not all. Thus, on November 8, 2022, at approximately 1:45 pm, Lindsey Corbin, counsel for Plaintiff, and the undersigned, held a call to discuss the dispute. Unfortunately, the parties were unable to reach an agreement.

This dispute is not about whether Defendant should produce documents. Defendant and Plaintiff have no dispute over which documents Defendant must produce. However, Defendant's production will contain certain highly confidential documents, including, but not limited to, the following:

- policies on identifying fraudulent checks;
- training on identifying fraudulent checks;
- surveillance video from a bank that will reveal the areas covered by certain cameras at the bank;
- portions of personnel files; and
- other internal policies about the bank's operations.

Allowing these types of documents to become public would provide valuable information to people with nefarious intent that would help them defraud banks and their depositors. The personnel records also contain information about employees of the bank who are not parties to this action and who have a personal interest in protecting their confidential information. There is no justifiable reason for not making these documents confidential. Plaintiff will still receive these documents in discovery and be able to use them to prosecute this case.

Pursuant to Guideline 1(f) and (g) of the Discovery Guidelines of this District, Defendant is requesting guidance from the Court as to how the Court would like the parties to address this issue with the Court.

Thank you for the Court's consideration of this matter, and please let me know if I can provide any further information.

Sincerely yours,

/s/

Scott H. Marder

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 15th day of November, 2022, a copy of the foregoing letter was filed electronically. Notice of the filing will be sent to all parties who have appeared by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Scott H. Marder*
Scott H. Marder (Bar No. 28789)