**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| SHEIRA BROWN,<br><br>*Plaintiff*,<br><br>v.<br><br>HARFORD BANK,<br><br>*Defendant.* | Case No. 1:21-cv-00096-JRR |

**HARFORD BANK'S ANSWERS TO PLAINTIFF'S**
**FIRST SET OF INTERROGATORIES**

Defendant Harford Bank ("Defendant" or "Harford"), by and through undersigned counsel, and pursuant to Rule 34 of the Federal Rules of Civil Procedure and Local Rule 104, hereby responds to the First Set of Interrogatories propounded by Plaintiff Sheira Brown ("Plaintiff").

**GENERAL OBJECTIONS**

1. Each and every request is responded to subject to the General Objections set forth below. These objections and limitations form a part of the response to each and every request and are set forth here to avoid the duplication and repetition of restating them for each response. These general objections may be specifically referred to in response to certain requests for the purpose of clarity. The failure to specifically incorporate an objection, however, should not be construed as a waiver of the General Objections.

2. Defendant objects to the production of any documents protected by the attorney-client privilege, attorney work-product doctrine, or any other legally applicable privilege.

3. Defendant objects to each request to the extent it purports to exceed the discovery permitted by the Federal Rules.

4. Defendant objects to each request to the extent it seeks disclosure of information not reasonably calculated to lead to the discovery of admissible evidence.

5. Defendant objects to each request to the extent that it seeks documents that are not within their collective, or individual, possession, custody or control.

6. Defendant objects to each request to the extent that it seeks discovery that is unreasonably cumulative or duplicative, is obtainable from some other source that is more convenient, less burdensome or less expensive.

7. Defendant objects to each request to the extent that it is vague, ambiguous, overbroad, unduly burdensome or oppressive.

8. Defendant has not yet completed discovery of the facts in this lawsuit nor fully prepared for trial and, therefore, reserves the right to supplement any of the foregoing Responses in a manner consistent with the Federal Rules of Civil Procedure and any Scheduling Order then in force.

9. Defendant further reserves the right to supplement the foregoing Answers, and accompanying document production, upon agreement between counsel on protocol for the production of electronically stored information ("ESI") and, if necessary, a duly-executed Protective Order.

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:** Identify all persons who participated in answering these interrogatories, or who supplied information upon which you relied in answering these interrogatories.

**ANSWER:** Defendant objects to this interrogatory because it seeks the phone number and email address for employees of Defendant. This information is irrelevant because as

employees of Defendant, Plaintiff cannot directly contact any of these employees. Subject to, and without waiving this objection, the following persons assisted in answering these interrogatories:

Michael F. Allen, President, Harford Bank, 8 W. Bel Air Avenue, Aberdeen, MD 21001

Mitchell Linzey, Security and Facilities Supervisor, Harford Bank, 8 W. Bel Air Avenue, Aberdeen, MD 21001

**INTERROGATORY NO. 2:** Identify all persons or entities that have possession, custody, or control of documents relevant to this lawsuit and the documents over which they have possession, custody, or control.

**ANSWER:** Harford Bank and Sheira Brown.

**INTERROGATORY NO. 3:** Describe your version as to how the Occurrence happened.

**ANSWER:** Plaintiff came to a Harford Bank branch drive-through to cash a check. Harford Bank representatives saw indications that the check may not be valid and called the issuer of the check. The issuer did not recognize the payee on the check and instructed Harford Bank not to cash the check. Harford Bank followed these instructions.

**INTERROGATORY NO. 4:** What actions are required of one of your employees when receiving a check for deposit?

**ANSWER:** Harford Bank Objects to this interrogatory as it calls for information that is irrelevant. Plaintiff sought to cash a check, not deposit one; therefore the bank's deposit policy is irrelevant.

**INTERROGATORY NO. 5:** Please outline the general security process for accepting a check.

**ANSWER:** Harford Bank objects to this interrogatory as the phrase "general security policy for accepting a check" is vague. Harford Bank does not have such a policy. Subject to and without waiving this objection, when cashing a check, Defendant generally will only cash checks

made payable to its depository account holders. Tellers must look at the customer's relationship before cashing any check. All Harford Bank locations may cash a check drawn on a Harford Bank account for non-account holders provided that a primary form of identification is presented by the payee, the maker's signature can be verified, and all other check-cashing policies are adhered to. Tellers must call the maker of the check if the check is made out for more than $500. For payroll checks, tellers must refer to the portal or branch list before cashing. Tellers should not cash checks that show any signs of erasures or alterations; checks made payable to a corporation, rep. payee, Title 13, or Estate; checks, debit memos or withdrawals for the teller cashing the check or the teller's family members or those residing in the same household; or checks with qualified endorsements. Tellers must also inspect the check to ensure it has each element of negotiability.

**INTERROGATORY NO. 6:** Please provide an overview of your institutional policies relating to matters of race, racial discrimination, as well as treatment of customers on the basis of race, skin color, or ethnicity.

**ANSWER:** Harford Bank objects to this Interrogatory on the ground that it is overbroad because it does not define a time period. Subject to and without waiving this objection, and interpreting the interrogatory to mean on the actual date of the incident that is the subject of this case, Harford Bank has a policy not to discriminate against anyone on the basis of race, skin color or ethnicity.

**INTERROGATORY NO. 7:** Please outline your relationship with the FDIC (Federal Deposit Insurance Corporation) and list all agreements you have entered into with the FDIC.

**ANSWER:** Harford Bank objects to this Interrogatory on the ground that it is overbroad, unduly burdensome, and seeks information that is irrelevant and not proportional to the needs of

4891-1399-9932, v. 3

the case. Subject to and without waiving this objection, Defendant has been a member of the FDIC since 1963.

**INTERROGATORY NO. 8:** Please outline how Defendant "takes affirmative steps to ensure robust investment in, and fair treatment of, communities which have traditionally been poorly served by the banking industry."

**ANSWER:** Defendant objects to this interrogatory as it is vague. Plaintiff has provided no information as to where this quote was taken from, and Defendant does not know its source. Additionally, Defendant objects to this request as it seeks information that is irrelevant.

**INTERROGATORY NO. 9:** Please describe what was meant/intended to be communicated when your employee made the following statements: "the color of the check was wrong," "this is not you, you are committing fraud, and you are going to jail," and "they are always lying."

**ANSWER:** Defendant objects to this request as it is vague. The request does not indicate who made these statements or when they were made. Defendant also does not concede that these statements were made. Subject to and without waiving these objections, the color of the check presented by Plaintiff appeared inconsistent with the color of checks from this account holder.

**INTERROGATORY NO. 10:** Please describe and list all potential defenses that you may lodge in support of the notion that your institution was not engaging in racially discriminatory conduct on March 20, 2020.

**ANSWER:** Defendant objects to this request as it calls for the production of work product. Moreover, Defendant objects to this request as it seeks "all potential defenses that you may lodge." Seeking "all" defenses is improper and objectionable. This request could include strategies for defending the case at trial, jury selection, cross-examination, choice and order of presentation of witnesses and exhibits and other matters which constitute work product. Defendant further objects that the incident did not occur on March 20, 2020. Subject to, and without waiving these objections,

Defendant generally denies that any of its actions were motivated by racial animus or taken because Plaintiff is African American.

**INTERROGATORY NO. 11:** Please provide previous claims and/or charges, including informal complaints, for race discrimination filed by current or former customers of your bank.

**ANSWER:** Defendant objects to this interrogatory because it is overbroad and seeks information that is irrelevant because it does not contain a time limitation. Harford Bank has existed for decades and may not know about events that took place decades ago. Moreover, such old claims would be irrelevant. Subject to, and without waiving these objections, Defendant is not aware of any such complaints.

**INTERROGATORY NO. 12:** State the name, address, and business telephone number of each person with personal knowledge regarding the facts and circumstances surrounding the happenings of the occurrences referred to in the complaint.

**ANSWER:**

Gail O'Keefe, last known address is 1803 Madarin Court, Edgewood, MD 21040

Jasmine Nixon, last known address is 404 Haslett Road, Joppa, MD 21085.

Brian Claffee, Manager of Retail Banking Services, 8 W. Bel Air Avenue, Aberdeen, MD 21001

Sheira Brown

**INTERROGATORY NO. 13:** Please outline the employment history of the employee who refused to accept Plaintiff's check.

**ANSWER:** Jasmine Brown was hired as a teller on October 7, 2019 and her employment ended on August 8, 2020. Gail O'Keefe was hired on April 26, 1976 and her employment ended on March 31, 2020. While with Harford Bank, Ms. O'Keefe held the following positions: Teller,

6

4891-1399-9932, v. 3

Joppatowne; Teller, Aberdeen; Loan Department; Assistant Manager, Joppatowne; Manager, Joppatowne; AVP - Branch Manager, Joppatowne.

**INTERROGATORY NO. 14:** Has any employee or applicant for employment ever filed an internal complaint with the Defendant alleging that the Defendant had discriminated against them?

**ANSWER:** Defendant does not recall, and is not aware of, any such complaints.

**INTERROGATORY NO. 15:** Please put forth a general summary of your bank's history as it relates to issues of racial discrimination.

**ANSWER:** Defendant objects to this request as it is vague. Subject to, and without waiving this objection, Defendant does not, and has never, discriminated based on race. Defendant has always opposed racial discrimination.

**INTERROGATORY NO. 16:** Please describe your bank's general compliance or failure to comply with either 42 U.S.C. § 1981 and/or 15 U.S.C. § 1691.

**ANSWER:** Defendant objects to this request to the extent that it seeks information relating to 15 U.S.C. § 1691, as this information is irrelevant because the court has dismissed this count. Subject to, and without waiving this objection, Defendant has always complied with 42 U.S.C. § 1981.

**INTERROGATORY NO. 17:** Please state and describe all policies of your bank aimed at complying with the equal protection clause of the United States Constitution.

**ANSWER:** Defendant objects to this request as it seeks information that is irrelevant. The Equal Protection Clause of the United States Constitution applies to government, not private entities. Subject to, and without waiving this objection, because the Equal Protection Clause does not apply to private entities, Defendant has no such policies.

**INTERROGATORY NO. 18:** Please describe your social media policy in general.

4891-1399-9932, v. 3

**ANSWER:** Defendant objects to this request as it seeks information that is irrelevant. Defendant's social media policy has nothing to do with the issues in this case. Defendant also objects to this request as it does not specify a timeframe. Subject to, and without waiving this objection, Defendant's social media policy in effect at the time of the incident requires all employees to adhere to Defendant's policies regarding ethics, confidentiality, discrimination and harassment when posting to social media. Inappropriate postings including discriminatory remarks, harassment, and threats of violence or similar inappropriate or unlawful conduct will not be tolerated and may result in disciplinary action up to and including termination. Employees must be respectful and avoid using statements, photographs, video or audio that could reasonably be viewed as malicious, obscene, threatening or intimidating, that disparage customers, co-workers of suppliers, or that might constitute harassment or bullying. Employees must make sure they are always honest and accurate when posting information or news and correct mistakes quickly. Employees may not post any information or rumors they know to be false about Harford Bank, co-workers, customers, suppliers, people working on behalf of Harford Bank or competitors. Employees may not post reports, policies, procedures or other internal business-related confidential information. Employees must make it clear they are not speaking on behalf of Harford Bank if they post online related to subjects associated with Harford Bank. Employees must refrain from using social media while on work time or on equipment provided by Harford Bank, and must not use Harford Bank email addresses to register for social media accounts. Any employee who retaliates against another employee for possible violations of the social media policy or for cooperating in an investigation will be subject to disciplinary action up to and including termination.

**INTERROGATORY NO. 19:** Please describe your suspicious item policy as well as training items relating to suspicious items.

**ANSWER:** Defendant objects to this request as vague in that Defendant does not know what a "suspicious item policy" is and has no such policy.

**INTERROGATORY NO. 20:** Please describe the disciplinary history of all employees who were working on the date of the incident.

**ANSWER:** Defendant objects to this interrogatory as it is overbroad, seeks information that is irrelevant to the issues in this case, and is not proportional. This interrogatory asks about every employee who is working on the date of the incident, rather than just those employees who are involved in the incident. Even if it were just restricted to the employees involved in the incident, their disciplinary history with Defendant is irrelevant. Moreover, this interrogatory is not restricted to the branch where the incident took place. Rather, it includes all employees in the entire organization.

\* \* \* \* \* \*

## VERIFICATION

I HEREBY CERTIFY under penalties of perjury that the facts and matters set forth in the foregoing Answers to Interrogatories are true and correct to the best of my knowledge, information, and belief.

_____

Dated: October 31, 2022                                    Respectfully submitted,

/s/ Scott H. Marder
Scott H. Marder (Bar No. 28789)
shmarder@tandllaw.com
Jennifer E. Cirarrocchi (Bar No. 20101)
jciarrocchi@tandllaw.com
THOMAS & LIBOWITZ, P.A.
25 S. Charles Street, Suite 2015
Baltimore, Maryland 21202-1053
Telephone: (410) 752-2468
Facsimile: (410) 752-0979

*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of October, 2022, a copy of the foregoing document was served via electronic mail upon:

Robert C. Hilliard
robert.hilliard@hmglawfirm.com

Rudy F. Gonzales, Jr.
rudyg@hmglawfirm.com

Lindsey J. Corbin
lcorbin@hmglawfirm.com

Jessica J. Pritchett
jpritchett@hmglawfirm.com

Matthew L. McMullen
mmcmullen@hmglawfirm.com

/s/ Scott H. Marder
Scott H. Marder